# N. Y. COMMON PLEAS.

## SOLOMON ISAACS agt. JEANE F. ISAACS.

*Divorce — Alimony — when the payment of, enforced by punishment for contempt — Sequestration — When warrant to commit may issue without notice — Code of Civil Procedure, §§ 1772, 1773, 2268, 2269.*

Although from the provisions of the Code of Civil Procedure *it seems* that the husband may be committed to prison without notice, if he fails to pay the alimony awarded, provided that the court shall decide that sequestration or the giving of security would not result in getting the money for the wife, yet *it seems* the court will not imprison the husband for the non-payment of alimony without first giving him notice of the application for his commitment, when it has not adjudicated that it would be of no avail to make an order of sequestration, or for the giving of security.

It was the intention of the codifiers to change the law as it existed under the Revised Statutes, and to prohibit the commitment of the husband for the failure to pay alimony, until the court had become satisfied by

,proof that the money could not be collected either by sequestration or by requiring the husband to give security.

The court may determine that it would be useless to order sequestration or security. When it so determines the husband may be committed without notice if he neglects to pay the alimony which he is ordered to .pay.

*Special Term, July*, 1881.

IN this suit, which was for an absolute divorce, the plaintiff ·was ordered, pending the action, to pay about $350 arrears of :alimony and counsel fee, and twenty-two dollars weekly .alimony. He was imprisoned for failing to comply with the ·order. His counsel now moves to set aside the warrant of commitment, upon the ground that the court had no juris- ·diction to grant it.

*D. Calman*, for plaintiff.

*McMahon & Munger*, for defendant.

VAN HOESEN, *J.* — Section 1772 declares that the court may, in its discretion, require the husband to give security for the payment of the allowance made for the support of the wife. It also authorizes the court, if it sees fit, to sequester the personal estate and the rents and profits of the real estate of the husband.

Section 1773 contains certain provisions, the meaning of which is rendered somewhat uncertain by the obscurity of the codifier's language. That section provides that where the husband fails to pay, and it appears presumptively that pay- ment cannot be enforced either by sequestration or by a resort to the security, if any, which the husband may have given, the husband may be punished for a contempt of court. It is discretionary with the court either to give, or not to give, the ·husband notice of the application that he be punished ; and .it .is further provided that notice may be given to him of the

application to punish him for contempt, although his property has not been sequestered, and although he has not been required to give security, if the court shall be satisfied that it would have been of no use to make an order of sequestration or an order for security.

Section 2268 authorizes the court to commit a person to prison who neglects to pay a specified sum of money which the court has required him to pay. Such a person may be committed without notice, says section 2269. The application for his commitment may be made *ex parte*, on proof by affidavit that a personal demand for the money has been made upon him and that he has refused or neglected to pay it (*Section* 2268).

From these provisions it seems that the husband may be committed to prison without notice, if he fails to pay the alimony awarded, provided that the court shall decide that sequestration, or the giving of security, would not result in getting the money for the wife. May the court imprison the husband for the non-payment of alimony without first giving him notice of the application for his commitment, where it has not adjudicated that it would be of no avail to make an order of sequestration, or for the giving of security? That is the principal question presented by the defendant on this motion.

Exactly what the codifier meant by the phrase, "it appears presumptively," I am at a loss to say. Presumptively, says Worcester, means "by previous supposition." Presumption, says Bouvier, means "an inference as to the existence of one fact, from the existence of some other fact, founded on a previous experience of their connection; or it is an opinion that circumstances give rise to, relative to a matter of fact which they are supposed to attend." What presumption can there be as to the ability or the inability of a husband to pay alimony? What the codifier meant, perhaps, was that before the person of the husband should be seized, proof satisfactory to the court should be given that the alimony could not be

collected out of his estate, and that he could not give good security for its payment. It is possible that the giving of such proof is making " it appear presumptively " that payment cannot be enforced by the means prescribed by section 1772. That this is so is rendered more probable by the last sentence of section 1773, which provides that notice may be given to the husband of the application to punish him, where " the court is satisfied that sequestration and the requiring of security would be ineffectual." From these provisions I think the conclusion must be drawn that it was the intention to change the law as it existed under the Revised Statutes, and to prohibit the commitment of the husband for the failure to pay alimony until the court had become satisfied by proof that the money could not be collected either by sequestration or by requiring the husband to give security. The court may determine that it would be useless to order sequestration or security, and where it so determines the husband may be committed without notice, if he neglects to pay the alimony which he is ordered to pay.

No proof of such a character was offered, and no such adjudication was made in this case, and therefore the warrant of commitment was prematurely granted, and it should be vacated and set aside.

As the question is new and one of importance, I will grant a stay of proceedings, if the attorney for the wife desires to appeal from the order which I shall sign.